UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00165-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | |
| SEAN MARK YOUNGER, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

THIS MATTER comes before the Court on Defendant Sean Younger's Motion for Compassionate Release. (Doc. No. 22). For the reasons that follow, Defendant's Motion is DENIED.

## I. BACKGROUND

Defendant is 51 years old and imprisoned at FCC Coleman, a Bureau of Prisons (BOP) facility in Florida. (Doc. No. 22, p. 12-13). On July 15, 2013, Defendant pled guilty to (1) conspiracy to distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of marijuana and (2) laundering of monetary instruments. (Doc. No. 13, p. 1). The conspiracy and money laundering offense conduct took place from approximately 2010 to 2013. Id. at p. 3. Defendant was sentenced to 120 months' imprisonment on both counts, to be served concurrently. (Doc. No. 16).

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In his Motion, Defendant states he has sleep apnea, chronic hypertension, and is morbidly obese. (Doc. No. 22). The Defendant discusses, in general terms, his brother's death from COVID-

1

19 and the fact that they shared similar medical conditions before he lost his life. Id. The Defendant did not provide any information on how *his* specific medical conditions, age, or other qualifying conditions increases the likelihood of him contracting or being adversely affected by COVID-19. The Defendant's only argument that he qualifies for Compassionate Release is that "fairness and justice suggest this court should show compassion." The Defendant, however, does not provide a specific reason or qualifying circumstance under United States Code Title 18, Section 3582(c)(1)(A) that suggests this court should release him from his sentence early.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>>
>> (ii) The defendant is –
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence

3

reduction).  Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction.  28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

The government acknowledges Defendant has been diagnosed with sleep apnea, hypertension, and obesity.  The Centers for Disease Control and Prevention (CDC) indicates that certain underlying medical conditions create an increased risk for severe illness from COVID-19.  (Doc. No. 26, p. 4).  Sleep apnea and hypertension, however, are not such conditions whereas obesity is. Id.  The government contends that a diagnosis of sleep apnea and hypertension are not extraordinary and compelling reasons to justify Defendant's release from prison.  Even though the Defendant has one condition, obesity, that the CDC considers a risk factor for COVID-19, this Court must go beyond the Defendant's body mass index and consider the relevant sentencing factors in 18 U.S.C. § 3553(a).

Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" for supporting his Motion pursuant to § 3582(c)(1)(A)(i).  Defendant does not assert that he has a terminal or serious health condition, or deterioration in physical or mental health due to aging, or family circumstances that would support release under subsections A, B, or C of U.S.S.G. § 1B1.13, application note 1. See (Doc. No. 158).  Defendant makes a general allegation that he is at risk of contracting COVID-19 due to his brother dying from the virus, which is an insufficient basis for compassionate release. *See* United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); United States v. Hood, No. 5:18-CR-00005-KDB, 2020 WL 2091070, at *3 (W.D.N.C. Apr. 30, 2020) ("Without a

4

particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility, the Court will not grant a motion for compassionate release based on COVID-19 concerns."). In fact, according to the BOP COVID-19 update, as of the date of this order, FCC Coleman (Low) has *zero* active cases of COVID-19 among inmates.[2] This suggests his quarantine in the facility and BOP's extensive protective measures[3] may be protecting him from COVID-19, and are not endangering him.

Nor does Defendant identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement other than the COVID-19 pandemic. See Id.; see also U.S.S.G. § 1B1.13, application note 1(D). Further, there is no evidence that BOP cannot care for Defendant adequately. Thus, Defendant has failed to make the required showing under § 3582(c)(1)(A)(i).

Even if Defendant qualified for release due to extraordinary and compelling reasons, § 3582(c)(1)(A) requires that this Court consider the factors listed in 18 U.S.C. § 3553(a) before granting Defendant's motion. These factors, which include "the nature and circumstances of [his] offense," his "history and characteristics," and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant," weigh in favor of Defendant's continued imprisonment. 18 U.S.C. § 3553(a). Defendant's offense of conviction involved him in a serious drug conspiracy over the course of at least three years. Congress determined that the crimes committed by Defendant were

---

[2] COVID-19 Coronavirus Update—BOP: FCI Coleman Low
[3] See www.bop.gov/coronavirus/overview.jsp and www.bop.gov/coronavirus/faq.jsp and www.bop.gov/coronavirus/docs/correcting_myths_and_misinformation_bop_covid19.pdf.

5

so serious they required a minimum term of imprisonment of 120 months. (Doc. No. 13, p. 3-4). While imposing Defendant's sentence in the instant case, this Court noted its consideration of the nature and circumstances of the offense and the history and characteristics of the Defendant, as well as the need to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant. Id. Prior to Defendant's federal conviction and sentencing, Defendant had been convicted of petit larceny (New York, 1990), criminal possession of a loaded firearm (New York, 1992), possession of a forged instrument (New York, 2001, two separate occasions), and felony possession of marijuana (New York, 2006). Id. at 7-8. Considering Defendant's drug conduct, his extensive criminal history, his disrespect for the law, and the need to protect the public from him as well as the other 3553(a) factors, the Defendant's Motion for Compassionate Release (Doc. No. 22) is DENIED.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. No. 158) is DENIED.

Signed: November 3, 2020

Frank D. Whitney
United States District Judge