UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00165-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| vs. | ) | |
| SEAN MARK YOUNGER, | ) | ORDER |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's *pro se* Motion for Compassionate Release (Doc. No. 22). Defendant previously requested the Court to reconsider its prior Order (Doc. No. 27) denying his Motion for Compassionate Release and allow him an additional thirty (30) days to respond to the government's response (Doc. No. 26). This Court in its *discretion* granted the reconsideration and extension (Doc. No. 30) to provide Defendant the opportunity to present relevant new information. For the reasons which follow, the undersigned **DENIES** Defendant's Motion for Compassionate Release.

**I. BACKGROUND**

On October 6, 2020, Defendant filed his *pro se* Motion for Compassionate Release. (Doc. No. 22). This Court subsequently ordered the Government to respond to Defendant's Motion by November 6, 2020. (Doc. No. 23). On October 30, 2020, the Government Responded in opposition to the Defendant's Motion. (Doc. No. 26). After carefully considering the motion, the response, and the record, the undersigned denied the Defendant's Motion. In Defendant's Motion for Reconsideration (Doc. No. 29), he asserted the Court "blatantly disregarded its own local rule, which provides 'A reply to the response to a motion, if any, must be filed within seven (7) days of

1

the date on which the response is served.' Local Rule 7.1(e)." Id. Defendant, however, mistakenly attempted to apply a local rule governing *civil* cases to this *criminal* case. See Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina. However, based on the Court's *discretion* not the Local Rules, the Defendant's Motion for Reconsideration and Extension of Time (Doc. Nos. 28-29) was granted (Doc. No. 30). On January 12, 2021, Defendant filed his *pro se* Reply (Doc. No. 31) to the Government's Response (Doc. No. 26).

**II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant's *pro se* Reply (Doc. No. 31) to the Government's Response fails to provide any substantive information to be considered by this Court. The Court notes the Defendant's claim that the current active Coronavirus cases at FCC Coleman Law is different than the number provided due to inaccurate reporting. (Doc. No. 31). However, these allegations alone are insufficient to prove that the BOP reporting is wholly inaccurate are that they are unable to manage the COVID-19 pandemic. In fact, as stated in this Court's previous Order (Doc. No. 27) the data and reporting from the BOP since the beginning of the pandemic suggests they are managing the pandemic well.[1]

Finally, even if Defendant qualified for release due to extraordinary and compelling reasons for his obesity, § 3582(c)(1)(A) requires that this Court consider the factors listed in 18 U.S.C. § 3553(a) before granting Defendant's motion. These factors, which include "the nature and circumstances of [his] offense," his "history and characteristics," and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to

---

[1] As of the date of this Order, FCC Coleman Low currently has three active COVID-19 inmates. https://www.bop.gov/coronavirus/

2

provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant," weigh in favor of Defendant's continued imprisonment. 18 U.S.C. § 3553(a).  As discussed in the Court's previous Order (Doc. No. 27), Defendant's drug conduct, his extensive criminal history, his disrespect for the law, and the need to protect the public from him as well as the other 3553(a) factors, the Defendant's Motion for Compassionate Release (Doc. No. 22) is **DENIED**.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED for the reasons stated above, Defendant's *pro se* Motion for Compassionate Release (Doc. No. 22) is **DENIED**.

IT IS SO ORDERED.

Signed: February 1, 2021

Frank D. Whitney
United States District Judge